

FILED

MAR 09 2011

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| JOHN and SUSAN MOULTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 3:11-CV-121 |
| v. ) | Removed from the Circuit Court |
| ) | for Knox County, Tennessee |
| AUTO-OWNERS INSURANCE, ) | No. 3-48-11 |
| ) | Jordan/Shirley |
| Defendant. ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant Auto-Owners Insurance Company ("Auto-Owners"), incorrectly named as "Auto-Owners Insurance," by and through its undersigned counsel, and hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Circuit Court for Knox County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northern Division on the basis of diversity jurisdiction under 28 U.S.C. § 1332. As grounds for its Notice of Removal, Auto-Owners would show unto the Court as follows:

1. This action, styled *John and Susan Moulton v. Auto-Owners Insurance*, was commenced on or about February 3, 2011, in the Circuit Court for Knox County, Tennessee, with the filing of the Complaint. The case was docketed as number 3-48-11 in the Circuit Court for Knox County.

2. The Complaint was served upon Auto-Owners on February 17, 2011. A true and correct copy of the Complaint and Summons is attached hereto as ***Exhibit 1***.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within thirty (30) days of receipt of the Complaint by Auto-Owners. Because Auto-Owners is filing this Notice of Removal on March 9, 2011, removal is timely.

4. The time for Auto-Owners to answer, respond, or otherwise plead with respect to the Complaint has not yet expired.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 123(a)(1) and 1441(a) because the United States District Court for the Eastern District of Tennessee, Northern Division, is the federal judicial district and division embracing the Circuit Court for Knox County, Tennessee, where Plaintiffs originally filed this action.

6. By filing its Notice of Removal in this matter, Auto-Owners does not waive any of its defenses, and Auto-Owners specifically reserves its right to assert any defenses and/or objections to which it may be entitled.

## DIVERSITY OF CITIZENSHIP

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the suit is between citizens of different states. *See* 28 U.S.C. § 1332.

8. Complete diversity of citizenship exists between the parties to this action. As alleged in the Complaint, Plaintiffs John and Susan Moulton are "both residents of Knox County and citizens of Tennessee." *See Exhibit 1*, Complaint, ¶ 1.

9. As alleged in the Complaint, Auto-Owners has its principle place of business located in Lansing, Michigan. *See Exhibit 1*, Complaint, ¶ 2.

10. Auto-Owners is a Michigan Corporation and has its principle place of business in Lansing, Michigan. As a result, Auto-Owners is a resident and citizen of Michigan for purposes of diversity of citizenship jurisdiction.

11. Plaintiffs are residents and citizens of Tennessee, and Defendant Auto-Owners is a citizen and resident of Michigan. Accordingly, complete diversity of citizenship exists in this action.

## AMOUNT IN CONTROVERSY

12. The amount in controversy requirement of 28 U.S.C. § 1332 also is satisfied.

13. The amount in controversy in a case where federal jurisdiction is based upon diversity of citizenship must exceed $75,000.00 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

14. In this case, the allegations in Plaintiffs' Complaint demonstrate that the amount in controversy is well in excess of $75,000.00, exclusive of interest and costs.

15. Plaintiffs bring a claim for violation of the Tennessee Consumer Protection Act against Auto-Owners regarding the alleged refusal of Auto-Owners to pay for damage incurred or sustained by Plaintiffs' residence.

16. Exhibit A to Plaintiffs' Complaint specifies the minimum amount in controversy as being $109,486.00. The Plaintiffs assert that the damages for which they seek to recover from Auto-Owners is at least $109,486.00.

17. Paragraph 14 of the Complaint alleges that Plaintiffs wrote to and requested that Auto-Owners "adjust the claim for the physical damage caused to the Moulton residence by Rock Creek's subcontractors on October 12, 2009, and November 11, 2009 <u>Cumulative Exhibit A</u>." *See* **Exhibit 1**, Complaint, ¶ 14.

18. With Paragraph 14 of the Complaint and Exhibit A to the Complaint, Plaintiffs have alleged that the amount in controversy is at least $109,486.00.

19. Plaintiffs also seek to triple any damage award pursuant to the Tennessee Consumer Protection Act. Subparagraph D of the Prayer for Relief in the Complaint requests

3

that "the Moultons be awarded treble damages pursuant to the Tennessee Consumer Protection Act." *See* **Exhibit 1**, Complaint, Prayer for Relief, ¶ D.

20. The tripling of the amount demanded in Exhibit A to Plaintiffs' Complaint would bring the total amount of damages to more than $327,000.00.

21. Plaintiffs also seek to recover reasonable attorneys' fees pursuant to the Tennessee Consumer Protection Act.

22. In their Complaint, Plaintiffs seek to recover from Auto-Owners for damages allegedly caused by Auto-Owners' insured and the insured's subcontractors:

> That due to negligent grading work by Rock Creek subcontractors, Farris Excavating, as well as Roth Excavating, the back foundation wall of the Moulton home suffered a massive structural failure due to the huge amount of moisture that collected and pressed up against the outside of the wall, which was a result of Farris and Roth Excavating's failure to properly grade the land for proper water run-off.
>
> That the physical damage to the property (nonconforming work) caused by the negligent work of Rock Creek subcontractors, Farris & Roth Excavating caused delays in construction of the Moulton residence and thousands of dollars of added expense, as well as various other structural failures, including but not limited to structural fractures throughout the residence bringing the structural integrity of the residence into question.

*See* **Exhibit 1**, Complaint, ¶¶ 8-9.

23. Plaintiffs' allegations of "massive structural failure" and of damages calling into question "the structural integrity of the residence" are claims for damages that exceed the minimum jurisdictional amount in controversy for this Court to exercise diversity jurisdiction over this case.

24. Based upon the allegations in the Complaint, it is facially apparent from the Complaint that the amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interest or costs.

4
705886.1
Case 3:11-cv-00121-RLJ-CCS Document 1 Filed 03/09/11 Page 4 of 6 PageID #: 4

25. Auto-Owners respectfully submits that the amount in controversy requirement for diversity of citizenship jurisdiction is satisfied in this case.

26. Because both of the requirements for federal diversity of citizenship jurisdiction are satisfied, this Court has original jurisdiction over this case, and this case may be removed to this Court by Auto-Owners.

27. Pursuant to 28 U.S.C. § 1446(d), Auto-Owners is filing this Notice of Removal with this Court, is serving a written notice to adverse parties upon counsel for Plaintiffs, and is filing a copy of its Notice of Removal in the Circuit Court for Knox County, Tennessee.

28. Auto-Owners reserves the right to submit evidence supporting this Notice of Removal should Plaintiffs move to remand.

WHEREFORE, notice is given that this action is removed from the Circuit Court for Knox County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northern Division.

Respectfully submitted, this 9th day of March, 2011.

>WOOLF, McCLANE, BRIGHT,
>ALLEN & CARPENTER, PLLC
>
>By: /s/ Dean T. Howell
>Howard E. Jarvis  BPR 006673
>Dean T. Howell  BPR 022130
>Post Office Box 900
>Knoxville, Tennessee 37901-0900
>Telephone: (865) 215-1000
>Facsimile: (865) 215-1001
>
>*Attorneys for Defendant Auto-Owners Insurance Company*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon the following counsel for the parties in interest herein by delivering same to the offices of said counsel, or by mailing same to the offices of said counsel by United States Mail with sufficient postage thereon to carry the same to its destination.

Russell L. Egli, Esq.
Post Office Box 23843
Knoxville, TN 37933

This the 9th day of March, 2011.

                                                       /s/ Dean T. Howell
                                                     Attorney