**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
500 James Robertson Parkway
Nashville, TN 37243-1131
PH - 615.532.5260, FX - 615.532.2788
brenda.meade@tn.gov

February 25, 2011

Auto Owners Insurance Company
P O Box 30660
Lansing, MI 48909
NAIC # 18988

Certified Mail
Return Receipt Requested
7010 2780 0001 2570 5018
Cashier # 1798

Re: John & Susan Moutlon V. Auto Owners Insurance Company

Docket # 3-48-11

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served February 17, 2011, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Knox County
    400 Main Avenue, Rm M-30 C/C Bldg
    Knoxville, Tn 37902

EXHIBIT
1

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

JOHN & SUSAN MOUTLON,

    Plaintiffs,

v.                                 Docket No.: 3-48

*Jury Demanded.*

AUTO-OWNERS INSURANCE,

    Defendant.

FILED 2011 FEB -3 P 3: 17 CATHERINE F. QUIST CIRCUIT COURT CLERK

## SUMMONS

TO: Auto-Owners Insurance
c/o Julie Mix McPeak
Tennessee Department of Commerce & Insurance
500 James Robertson Parkway
Davy Crockett Tower
Nashville, TN 37243-0565

YOUR ARE HEREBY SUMMONED, and required to serve upon the Plaintiff's counsel, Russell L. Egli, P.O. Box 23843, Knoxville, TN 37933, an Answer to the Complaint served herewith upon you within thirty (30) days upon receipt of this Summons and accompanying Complaint exclusive of the day of service. If you fail to answer within the time required by law a default judgment may be taking upon you for the relief set forth in the Plaintiff's Complaint served upon you.

ISSUED, this 3 day of February, 2011.

Cathy Quist
CLERK

_____
DEPUTY CLERK

TO THE DEFENDANT:

Tennessee law provides a four thousand dollar ($4,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items of which you wish to

exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law, and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family bible, and school books. Should any of these items be seized you have the right to recover them. If you do not understand your exemption right or how to exercise it you may wish to seek the counsel of a lawyer.

MAIL LIST TO:     Knox County Circuit Court
Catherine Quist
400 Main Street, Suite M-30
Knoxville, TN 37902
Please include docket number on list.

## RETURN

I hereby certify and return on the _____ day of _____, 2011 I served the foregoing Summons and Complaint on the person listed above by:

_____.

or I failed to serve the foregoing Summons and Complaint upon the person listed above because

_____.

_____
Sheriff/Process Server

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

JOHN & SUSAN MOULTON

    Plaintiffs,

v.                        Docket No.: 3-48-11

AUTO-OWNERS INSURANCE,      *Jury Trial Demanded.*

    Defendant.

---

## COMPLAINT

---

Comes the Plaintiffs, John and Susan Moulton, by and through under-signed counsel would state the following for their complaint for damages against the Defendant:

### PARTIES

1. Plaintiffs, John and Susan Moulton ("Moulton"), are husband and wife and are both residents of Knox County and citizens of Tennessee;

2. Defendant, Auto Owners Insurance ("AOI"), is an insurance company providing life, home, auto and business lines of insurance. AOI has its principal place of business located in Lansing, Michigan. AOI may be served with process through the Tennessee Commissioner of Insurance;

### JURISDICTION & VENUE

3. Jurisdiction and venue is proper before this Honorable Court as Plaintiff's reside in Knox County, Tennessee and the tortious acts were committed by the Defendant in Knox County, Tennessee.

## FACTS GIVING RISE TO CAUSE OF ACTION

4. The Moultons hired Rock Creek Construction, Inc. ("Rock Creek") to build their residence located at 10410 Almanac Lane, Knoxville, Tennessee 37932;

5. That Rock Creek Construction provided the Moulton's a certificate of insurance furnished by Bradley Insurance Agency, AOI's agent, prior to commencing work.

6. That the State of Tennessee requires general contractors to carry commercial general liability in order to protect the public.

7. That not long into the construction of the Moulton residence the Moulton's began experiencing problems with substandard work by Rock Creek and or its subcontractors;

8. That due to negligent grading work by Rock Creek subcontractors, Farris Excavating, as well as Roth Excavating, the back foundation wall of the Moulton home suffered a massive structural failure due to the huge amount of moisture that collected and pressed up against the outside of the wall, which was a result of Farris and Roth Excavating's failure to properly grade the land for proper water run-off;

9. That the physical damage to the property (nonconforming work) caused by the negligent work of Rock Creek subcontractors, Farris & Roth Excavating caused delays in construction of the Moulton residence and thousands of dollars of added expense, as well as various other structural failures,

including but not limited to structural fractures throughout the residence bringing the structural integrity of the residence into question;

10. That during all relevant times herein Rock Creek was covered by an commercial general liability insurance policy ("CGL") issued by AOI;

11. That the language used in the CGL policy issued to Rock Creek by AOI uses what the industry calls ISO language. ISO language is language and or verbiage that is used in insurance policies such as the AOI policy at issue herein where the language is the same language that is used in other policies across the industry. Therefore, an ISO CGL policy used by Travelers Insurance would be for the most part identical to an ISO CGL policy used by AOI;

12. That the CGL policy that AOI issued to Rock Creek and which was in force during all relevant times herein covered physical damage to property caused by nonconforming work of Rock Creek's subcontractors. See Travelers Indemnity Company of America, et al. v. Moore & Associates, Inc., 216 S.W.3d 302 (2007), as well as Auto Owners Insurance Company, Inc., et al. v. Virginia T. Newman and Trinity Construction, Inc., Opinion No.: 26450 (2009) attached;

13. That the physical damage to the Moutons' residence constituted an occurrence under the AOI CGL issued to Rock Creek;

14. That under-signed counsel asked AOI in writing and more specifically the Branch Claims Rep, Matthew Simmons, to adjust the claim for the physical

damage caused to the Moulton residence by Rock Creek's subcontractors on October 12, 2009 and November 11, 2009 <u>Cumulative Exhibit A</u>.

15. That despite AOI being made aware of the fact that its CGL policy covered the physical damage to the Moulton's residence AOI sought to deceive the Moultons and denied coverage on February 16, 2010 by letter of Matthew Simmons attached as <u>Exhibit B</u>.

## COUNT I – VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

16. Tennessee Courts have clearly held that insurance carriers are liable under the Tennessee Consumer Protection Act ("TCPA") for deceptive claims handling. <u>See Robert Murphy, et al. v. Earl Savage, Jr., d/b/a Savage Builders, et al.</u>, No.: E2005-01441-COA-R3-CV (2006) attached;

17. AOI's denial of the Moulton's claim for physical damage to their property when it was in fact a covered claim constitutes a deceptive act under the TCPA;

18. As a result of AOI's violation of the TCPA in denying to adjust the Moulton's claim the Moulton's have suffered damages;

19. As a result of AOI's violation of the TCPA in denying the Moulton's claim the Moulton's have incurred reasonable attorney fees.

WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:

A. That this complaint be filed and served upon the Defendant and that the Defendant be made to answer the complaint within the time required by law;

B. That a jury of twelve be impaneled to try this case;

C. That the Moultons be awarded monetary damages to be determined at the trial of this cause;

D. That the Moultons be awarded treble damages pursuant to the Tennessee Consumer Protection Act;

E. That the Moultons be awarded all of their reasonable attorney fees pursuant to the Tennessee Consumer Protection Act;

F. For an award of discretionary costs;

G. For the costs of this cause to be taxed to the Defendant;

H. For general relief.

Respectfully submitted,

LAW OFFICE OF RUSSELL L. EGLI, PLLC

_____
Russell L. Egli
Attorney for the Plaintiff
P.O. Box 23843
Knoxville, TN 37933
(865) 288-7111
BPR#024408

## COST BOND

We, the under-signed authorities bind ourselves as principal and surety respectively for the costs of this cause.

_____
John Moulton
Principal

_____
Susan Moulton
Principal

_____
Russell L. Egli
Surety

FILE

October 12, 2009

Auto Owners Insurance Co.
By U.S. Mail & Telefax Transmission: 865-539-9528
2035 Lakeside Center Way, Suite 190
Knoxville, TN 37922

*Settlement Communication*

Re: Your Insured: Rock Creek Construction, Inc.
    Policy No.: 062319-03028157-07
    My Clients: John & Susan Moutlon
    Regarding: 10410 Almanac Lane, Knoxville, TN 37932

Dear Sir or Madam:

Please be advised that I represent John and Susan Moulton regarding the construction of their new home located at 10410 Almanac Lane, Knoxville, Tennessee 37932. This construction work was performed by your insured, Rock Creek Construction, Inc., by using various sub-contractors. Unfortunately, the work performed by your insured's subs was faulty and substandard causing major damage to the home. I have included herewith an estimate showing the work that will need to be performed on the home in order to correct damage caused by the faulty workmanship of the subcontractors, in addition to my clients out of pocket expenses paid out thus far. As you may or may not know, the Tennessee Supreme Court has held that work performed by subcontractors that is faulty and thereby causes further damage to the residence are considered an "occurrence" under the applicable liability insurance and is therefore not excluded from coverage. See <u>Travelers Indemnity Company of America, et al. v. Moore & Associates, Inc.</u>, 216 S.W.3d 302 (2007) -enclosed. In addition to this faulty workmanship, the Moultons received a letter from the Office of the Mayor setting forth various building code violations by your insured resulting in a pulling of their certificate of occupancy.

Accordingly, the Moultons by copy of this letter hereby demand payment from Auto Owners for $109,486. I have included a memory stick containing photographs of the damage caused by the subs defective workmanship along with supporting documentation for your review. Please review this information and make a copy if necessary but I do wish for the memory stick to be returned to me when you are finished with it.

CUMULATIVE EXHIBIT A

In closing, if we are unable to settle this matter, the Moultons are prepared to file a motion for declaratory judgment concerning Auto Owner's liability in this matter.

I look forward to hearing back from you.

Very truly yours,

LAW OFFICE OF RUSSELL L. EGLI

Russell L. Egli

cc: John & Susan Moulton

Enclosures



**Russell Egli, Esq.**
Attorney and Counselor at Law

regli@egtlegalaction.com
P.O. Box 23043
Knoxville TN 37933
1.855.531.8192
f.865.357.9113

November 11, 2009

Auto Owners Insurance Co.
Steve Burton
By U.S. Mail & Telefax Transmission: 865-539-9528

*Settlement Communication*

Re: Your Insured: O.D. Ballinger
Claim: 76-3499-9



Dear Mr. Burton:

You spoke to my assistant on November 10, 2009 and explained that you thought that Auto Owners Insurance Co. was going to deny the claim based on the CGL policy that Auto Owners Insurance Co. does not have the same language that all other CGL's have (summarizing your conversation). However, a recent Supreme Court of South Carolina decision states your conclusions are inaccurate at best. See <u>Auto Owners Insurance Company, Inc., et al. v. Virginia T. Newman and Trinity Construction, Inc., Opinion No. 26450 (2009)</u> – enclosed. A good portion of my client's damage is from when their side wall collapsed due to the subcontractor's negligence when excavating the site causing "property damage". Accordingly, we hold that this along with the damages stated in my first letter are a result of an "occurrence" which would fall within the CGL policy's coverage.

Further, you represented that we could not sue you since we were not the insured. Well, again you are mistaken. See <u>Robert Murphy, ET AL. v. Earl Savage, JR., d/b/a/ Savage Builders, ET AL., No. E2005-01441-COA-R3-CV (2006)</u> – enclosed. Central Insurance Company, also tried to claim a privity of contract argument. The Court of Appeals disagreed and allowed the Tennessee Consumer Protection Act claim against Central Insurance Company to move forward.

Auto Owners Insurance Co. has had my clients claim for over 30 days. I expect Auto Owners to start operating in good faith and adjust the claim properly. If Auto Owner's fells to do this I will file suit for civil damages pursuant to T.C.A. 47-18-109. Auto Owners failure to investigate the claim is has caused further damage to my clients. Further, Auto Owners engaged in deceptive acts by providing certificate of insurance in various names, and corporations.

In closing, if I do not here from you shortly, the Moultons are prepared to file suit as I outlined above.

I look forward to hearing back from you.

Very truly yours,

LAW OFFICE OF RUSSELL L. EGLI

Russell L. Egli

cc: John & Susan Moulton

Enclosures



AUTO-OWNERS INSURANCE COMPANY
AUTO-OWNERS LIFE INSURANCE COMPANY
HOME-OWNERS INSURANCE COMPANY
OWNERS INSURANCE COMPANY
PROPERTY-OWNERS INSURANCE COMPANY
SOUTHERN-OWNERS INSURANCE COMPANY

February 16, 2010

BRANCH CLAIM OFFICE
2035 Lakeside Centre Way, Suite 190 • P.O. Box 32609
Knoxville, Tennessee 37930-2609
865-539-2991  FAX 865-539-9528
Toll Free 888-685-9617
WWW.AUTO-OWNERS.COM

Russell Egli, Attorney and Counselor at Law
P.O. Box 23843
Knoxville, TN 37933

RE: Claim No: 76-3499-09
    Insured: Rock Creek Construction, Inc.
    Your Clients: John and Susan Moulton

Dear Mr. Egli:

Auto-Owners Insurance Company has reviewed the allegations made by your client as well as our Commercial General Liability policy.

It is our understanding that you believe that coverage is available under our policy due to the Travelers v. Moore decision. Auto-Owners is aware of that decision which held that work performed by a subcontractor that is deemed faulty and thereby causes further damage is considered an "occurrence" under the liability insurance policy.

The Travelers v. Moore decision was significantly impacted by the language in the policy at issue including the fact that the policy at issue in that case had an exception to exclusion l. The Auto-Owners policy is materially distinguishable from the policy at issue in the Travelers v. Moore case. Auto-Owners believes that the exclusions within our policy directly address the allegations made by your clients and therefore we believe that there is no coverage available.

Please advise if you have any additional information that may be relevant to our evaluation of coverage. If you have any questions, please feel free to contact me.

Sincerely,

Matthew Simmons
Branch Claims Representative
Ext. 12

MS/kll

cc: file

EXHIBIT B

~ Serving Our Policyholders and Agents for More Than 90 Years ~

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

FILED
2011 FEB -3 P 3:18
CATHERINE F. QUIST
CIRCUIT COURT CLERK

JOHN & SUSAN MOUTLON,

    Plaintiffs,

v.

AUTO-OWNERS INSURANCE,

    Defendant.

Docket No.: 3-48
*Jury Demanded.*

## SUMMONS

TO: Auto-Owners Insurance
c/o Julie Mix McPeak
Tennessee Department of Commerce & Insurance
500 James Robertson Parkway
Davy Crockett Tower
Nashville, TN 37243-0565

    YOUR ARE HEREBY SUMMONED, and required to serve upon the Plaintiff's counsel, Russell L. Egli, P.O. Box 23843, Knoxville, TN 37933, an Answer to the Complaint served herewith upon you within thirty (30) days upon receipt of this Summons and accompanying Complaint exclusive of the day of service. If you fail to answer within the time required by law a default judgment may be taking upon you for the relief set forth in the Plaintiff's Complaint served upon you.

    ISSUED, this ____ day of _____, 2011.

_____
DEPUTY CLERK

TO THE DEFENDANT:
    Tennessee law provides a four thousand dollar ($4,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items of which you wish to