IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JOHN and SUSAN MOULTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-121 |
| | ) | |
| AUTO-OWNERS INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of "Defendant Auto-Owners Insurance Company's Motion to Dismiss Plaintiffs' October 7, 2011 First Amended Complaint" [doc. 21]. Plaintiffs have filed a response [doc. 24],[1] and defendant has submitted a reply [doc. 25]. Oral argument is unnecessary, and the motion is ripe for the court's determination.

Plaintiffs have filed suit pursuant to the Tennessee Consumer Protection Act ("TCPA"), Tennessee Code Annotated § 47-18-101, *et seq*. For the reasons that follow, defendant's motion will be granted, and this case will be dismissed.

---

[1] Plaintiffs were ordered to file an amended complaint that meets the requirements of this court's Local Rule 15.1, which requires that an amended pleading may not incorporate by reference prior pleadings [doc. 19]. Plaintiffs' response, however, continues to make reference to the original complaint that is no longer before the court, it having been superseded by the first amended complaint. The response should contain references to the amended complaint only, not to the original complaint. The court will refer exclusively to the amended complaint in its discussion, and its ruling will be based solely on the first amended complaint [doc. 19].

I.

*Background*

Plaintiffs contracted with Rock Creek Construction, Inc. to build their residence. Rock Creek carried a commercial general liability ("CGL") policy through defendant Auto-Owners Insurance. Plaintiffs allege that Rock Creek's subcontractors were negligent in their grading work and installation of foundation walls and that as a result the residence sustained damage, including water in the basement. On October 21, 2008, the certificate of occupancy was revoked, due in part to water leakage in the basement.

In a letter dated October 12, 2009, plaintiffs' counsel contacted Auto-Owners informing it of the construction of plaintiffs' residence by its insured Rock Creek. Counsel cited to Auto-Owners as authority for coverage of the damage *Travelers Indemnity Company of America v. Moore & Associates, Inc.*, 216 S.W.3d 302 (2007). A second letter addressed to Mr. Steve Burton at Auto-Owners from plaintiffs' counsel dated November 11, 2009, reflects that Mr. Burton had verbally informed counsel's office that he thought the claim would be denied based on the language in the CGL policy. According to the letter, Mr. Burton also said that plaintiffs could not sue Auto-Owners because they were not insureds on the policy. In support of coverage, plaintiffs' counsel referenced a South Carolina case. Counsel also cited *Murphy v. Savage*, No. E2005-01441-COA-R3-CV, 2006 WL 1864403 (Tenn. Ct. App. July 6, 2006) as authority for plaintiffs' ability to sue Auto-Owners.

Via a letter dated November 12, 2009, Matthew Simmons from Auto-Owners informed plaintiffs' counsel that it had hired an engineering company to inspect plaintiffs' residence. The letter further states, "Auto-Owners Insurance continues to evaluate coverage for this claim and reserves all rights under the policy." On February 16, 2010, Simmons wrote to plaintiffs' counsel stating that plaintiffs' allegations and the CGL policy had been reviewed. The letter references that plaintiffs' were relying on *Travelers v. Moore* as support for coverage under the policy. Mr. Simmons distinguished the *Moore* case by pointing out that the policy in that case had an exception to exclusion l, which is materially different from the language in the subject policy. Mr. Simmons stated, "Auto-Owners believes that the exclusions within our policy directly address the allegations made by your clients and therefore we believe that there is not coverage available."

In a letter dated October 21, 2010, Mr. Simmons is writing to counsel for Rock Creek and references a dispute between the plaintiffs and its insured, Rock Creek, and references a complaint and "the case."[2] At this point plaintiffs have apparently initiated a lawsuit directly against Rock Creek. The letter summarizes what Auto-Owners understands the allegations to be, that the dispute centers around the cost of repair and/or replacement of the insured's faulty work. Mr. Simmons states that the exclusions in the policy, including exclusion l, apply to the claimed loss. Mr. Simmons also distinguishes the Florida and South Carolina authority previously offered as authority for coverage, pointing out that Rock

---

[2] The letter is apparently dealing with Rock Creek's request for Auto-Owners to provide a defense in the case that has been filed against it by the plaintiffs.

Creek's CGL policy has no exception to exclusion l.

On February 3, 2011, plaintiffs filed suit against Auto-Owners in the Circuit Court for Knox County, Tennessee, and Auto-Owners timely removed the case to this court. Plaintiffs were permitted to file an amended complaint, which is the subject of the pending motion. The basis for the original lawsuit and the amended complaint is the TCPA.

The CGL coverage form within the policy at issue provides in relevant part:

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damages" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. . . .

    b.    This insurance applies to "bodily injury" and "property damage" only if:
        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory . . . ."

The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." "Property damage" is defined as:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical

4

> > injury that caused it; or
>
> > b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

The term "your work" is also defined in the policy.

> "Your work":
>
> a. Means:
>
> > (1) Work or operations performed by you or on your behalf; and
>
> > (2) Materials, parts or equipment furnished in connection with such work or operations.
>
> b. Includes:
>
> > (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
>
> > (2) The providing of or failure to provide warnings or instructions.

The policy contains a number of exclusions, which specify that certain damages are excluded from coverage. The exclusion specifically identified by Auto-Owners as the basis for its denial of coverage is exclusion "l. Damage to Your Work," which states: "'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" The policy does not include an exception to the "your work" exclusion for work performed by subcontractors.

5

II.

*Standard of Review*

Defendant has moved to dismiss plaintiffs' amended complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

In addressing a motion under Rule 12(b)(6), the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Gee v. UnumProvident Corp.*, No. 1:03-CV-147, MDL 1:03-MD-1552, 2005 WL 534873, at *7 (E.D. Tenn. Jan. 13, 2005) ("[I]f documents are attached to, incorporated by, or specifically referred to in the complaint, they are considered part of the complaint and the Court may consider them.") (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Therefore, defendant's inclusion of the policy and docket sheet from Knox County Circuit court does not convert this motion to one for summary judgment.

III.

*Analysis*

Defendant argues that the amended complaint should be dismissed for a number of reasons, primarily because it does not state a claim under the TCPA and there is no coverage under the policy. Plaintiffs make a number of allegations and arguments in response. Nevertheless, plaintiffs' TCPA complaint fails.

7

The TCPA "protect[s] consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce." Tenn. Code Ann. 47-18-102. Because the statute is remedial in nature, it "is to be liberally construed to protect consumers and others from those who engage in deceptive acts or practices." *Morris v. Mack's Used Cars*, 824 S.W.2d 538, 540 (Tenn. 1992). To recover under the TCPA, a plaintiff must prove: "(1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that the defendant's conduct caused an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated. . . ." *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005) (citing Tenn. Code Ann. § 47-18-109(a)(1)). The Act defines the terms "trade," "commerce," and "consumer transaction" as

> the advertising, offering for sale, lease or rental, or distribution of any good, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities or things of value wherever situated.

Tenn. Code Ann. § 47-18-103(19).

Auto-Owners argues that plaintiffs' TCPA claim fails because they have not alleged there was any trade, commerce, or consumer transaction between it and plaintiffs. Plaintiffs argue that the sale of the CGL policy to Rock Creek was trade or commerce. While the sale of an insurance policy falls within "trade" and "commerce" for purposes of the act, *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 926 (Tenn. 1998), plaintiffs were not involved in that transaction. Tennessee courts have found that the acts and practices of insurance

8

companies fall within the ambit of the TCPA. *Myint*, 970 S.W.2d at 925-26; *Sparks v. Allstate Ins. Co.*, 98 F. Supp. 2d 933, 937 (W.D. Tenn. 2000) (based upon *Myint*, TCPA applies to insurance company claims handling procedures).

Plaintiffs argue that *Moore v. Savage*, 2006 WL 1864403 allows them to bring this lawsuit. Plaintiffs' reliance on *Savage* does not eliminate the need to demonstrate their involvement in trade or commerce with Auto-Owners. In *Savage*, the plaintiff homeowners had filed a TCPA claim against their contractor's insurance carrier. The only grounds for dismissal sought by the insurance company was privity of contract. The Court of Appeals found that privity of contract is not required to bring a TCPA action. At the appellate level the insurance company also argued for the first time that the plaintiffs failed to demonstrate the required elements for a TCPA claim, including whether the conduct complained of affected trade or commerce. *Id*. at *5. The Court of Appeals did not reach the insurance company's arguments concerning the merits of the TCPA claim because they had not been raised in the court below. *Id*. Thus, *Savage* stands for the proposition that privity of contract is not required for a TCPA claim, but it does support plaintiffs' contention that the required elements of a TCPA claim do not have to be shown as they relate to the plaintiff and defendant in such an action.

Plaintiffs rely on cases in which the insured has sued the insurer over a dispute related to the insurance policy between them. *See e.g. Myint*; *Sparks*. The parties in those cases had engaged in "trade" and "commerce" by purchasing an insurance policy. The

9

parties in this case did not engage in "trade" and "commerce." Plaintiffs make the circular argument that because they paid money to Rock Creek for home construction and Rock Creek is a licensed contractor required by the State of Tennessee to carry commercial liability insurance, which it obtained through Auto-Owners, they engaged in commerce with Auto-Owners. This argument lacks merit. Auto-Owners did not advertise or offer any goods or services to plaintiffs or make any direct representations to them, and the court is not going to distort the meaning of the statutory language to find "trade" and "commerce" under the factual scenario offered by plaintiffs.

Plaintiffs also assert that a certificate of insurance was issued naming them as "secondary insured."[3] This fact does not advance their argument that "trade" or "commerce" was engaged in between them and Auto-Owners. It just shows that Rock Creek and Auto-Owners entered into a policy that according to Rock Creek included plaintiffs as secondary insureds.

Auto-Owners also argues that the TCPA claim fails because plaintiffs cannot show any deceptive or unfair practice on the part of Auto-Owners. In spite of plaintiffs' attempts to assert otherwise, the core of their lawsuit is that Auto-Owners improperly denied coverage for their claimed damages.[4] Tennessee courts have found that insurance company

---

[3] In spite of attaching multiple documents to the amended complaint in support of their claims, the alleged certificate of insurance is not attached, and plaintiffs are not identified as additional insureds on the subject policy.

[4] Plaintiffs make a series of allegations concerning Auto-Owners actions in issuing the CGL
(continued...)

10

claim handling procedures are subject to the TCPA. *Sparks*, 98 F.Supp 2d at 937. However, specific showings must be asserted to prevail on such a claim.

> The Tennessee Supreme Court has not permitted TCPA claims for mere denials of insurance coverage unless there is evidence of an attempt to violate the policy, deceive the insured about the terms of the policy, or otherwise act unfairly. *Myint*, 970 S.W.2d at 926. The Sixth Circuit has likewise held that the **"'erroneous denial' of a claim" is not an "act of deception or unfairness" that would permit recovery under TCPA**. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d at 378. **Instead, a plaintiff must "explain how it was misled and deceived" by certain acts on the part of the insurer to pursue relief under TCPA.** *Parkway Assoc., LLC v. Harleysville Mut. Ins. Co.*, 129 Fed. Appx. 955, 960-61 (6th Cir. 2005).

*Boyd v. St. Farm & Cas. Co.*, No. 2:11-cv-02616-STA-cgc, 2012 WL 6799708, at *9 (W.D. Tenn. Nov. 8, 2012) (emphasis added). This court noted the following in *Fulton Bellows, LLC v. Federal Insurance Company*, 662 F. Supp. 2d 976 (E.D. Tenn. 2009):

> Other state and federal court decisions have made clear that for the TCPA to apply to the denial of insurance claims, the insured must allege that the insurer violated the terms of the policy, deceived the insured about the terms of the policy or acted unfairly in some other way. Further, a mere denial of an

---

⁴(...continued)
policy to Rock Creek as being deceptive. These allegations do not demonstrate that Auto-Owners engaged in unfair and deceptive practices toward them. According to the amended complaint, Rock Creek obtained a CGL policy from Auto-Owners as required by the State of Tennessee. The amended complaint also asserts that the language in the policy contains standard industry language employed in other CGL policies across the country. Facially, there is nothing deceptive or unfair in Auto-Owners issuing such a policy to Rock Creek in order for it to meet its coverage requirements under Tennessee law. These assertions do not assist plaintiffs in stating a claim for unfair or deceptive practices by Auto-Owners in relation to them. The bottom line of plaintiffs' complaint is that Auto-Owners improperly denied coverage for the losses they allege were caused by Rock Creek's subcontractors.

> insurance claim, absent any deceptive, misleading o[r] unfair act does not violate the TCPA.

*Id*. at 997 (internal citations omitted). Plaintiffs' amended complaint does not demonstrate an unfair or deceptive mishandling of the insurance claim.

In the amended complaint, plaintiffs allege that Auto-Owners "sought to deceive" and "denied coverage on February 16, 2010 by letter of Matthew Simmons." The plaintiffs do not say how Auto-Owners set out to deceive them in denial of their claim. They also make the conclusory allegation that the denial of their claim, "when in fact it was a covered claim, constitutes a deceptive act under the TCPA." The amended complaint and the attached documents to do not show how Auto-Owners violated the policy, deceived the plaintiffs about its terms or acted unfairly in some other way. They show that the plaintiffs disagree with the denial and believe it to be erroneous, but that is not sufficient to show a TCPA claim.

After plaintiffs' residence had been completed, many months later plaintiffs through counsel contacted Auto-Owners to recover the costs of repairing the faulty workmanship of Rock Creek's subcontractors. In support of their claim, plaintiffs cited *Travelers v. Moore* in their letter to Auto-Owners. Although Auto-Owners initially indicated by verbal communication that the claim would probably be denied based on the CGL policy, Auto-Owners undertook an investigation of the claim that included having an engineering

firm inspect plaintiffs' residence.[5] The results of the inspection indicated that the damages were as a result of subcontractor negligence. As indicated by correspondence, Auto-Owners denied the claim by a letter dated February 16, 2010, on the basis that the exclusions in the policy applied to the plaintiffs' allegations, thus resulting in no coverage for the claimed losses. In the letter, Simmons addressed plaintiffs' reliance on *Travelers v. Moore* and distinguished the case on the basis that the policy in that case had an exception to exclusion l.

In *Travelers v. Moore*, Travelers was a CGL insurer who brought a declaratory judgment action against its insured for a determination of whether it had duty to its insured to defend or indemnify the insured in a property owner's arbitration demand concerning a subcontractor's faulty window installation. The terms in the policy were those of a standard CGL policy and in most respects identical to the terms used in the policy at issue herein. However, with regard to the "Your Work" exclusion in the Travelers' policy, the exclusion contained the following provision: "This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."

---

[5] Plaintiffs also allege that Burton indicated that they could not sue Auto-Owners because they were not the insured. Plaintiffs' response to Auto-Owners was that they were wrong, citing *Murphy v. Savage*. The fact that Auto-Owners indicated plaintiffs could not sue does not show or infer that it acted deceptively or unfairly. *Savage* only holds that privity of contract is not required for a TCPA action. It did not address the merits of the TCPA claim that had been brought by the plaintiffs. Even concluding that Burton was mistaken about the privity issue, that does not show an intent to deceive. Even the erroneous denial of a claim is not an "act of deception or unfairness" to permit recovery under the TCPA. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 378 (6th Cir. 2007).

13

Based upon this language, the court determined that damages resulting from the subcontractor's faulty work were not excluded from coverage.

Simmons appropriately distinguished the *Moore* case in the denial letter. Exclusion l in the subject policy does not contain the exception for subcontractor work. The definition of "Your Work" in the subject policy includes work or operations performed on the insured's behalf, i.e., subcontractor work. Exclusion "l. Damage to Your Work," in the policy states: "'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" The residence was completed, so Auto-Owners could appropriately apply this exclusion. Nothing in the February 16, 2010 letter indicates that Auto-Owners "sought to deceive the Moultons" in its denial of coverage.[6]

Plaintiffs also allege that "Simmons wrote a claims denial letter dated October 21, 2010 to Rock Creek stating different erroneous coverage issues in denying Rock Creeks' (sic) demand for coverage than what he had stated in the Moultons' denial letter." The two letters to not bear out plaintiffs' allegation. The October 21, 2010 letter to Rock Creek's counsel references the complaint plaintiffs had filed against Rock Creek - presumably the

---

[6] The amended complaint also makes reference to *Fortney & Wyegandt, Inc. v. American Manufacturers Mutual Insurance Company*, 595 F.3d 308 (6th Cir. 2010) in support of their coverage claim. This opinion was issued four days prior to February 16, 2010 denial of coverage letter. In *Fortney*, the Sixth Circuit addressed a coverage dispute concerning a CGL policy governed by Ohio law. Besides the extremely close proximity of the decision to the denial letter, the decision is based upon Ohio law. In dealing with a coverage dispute under Tennessee law, Auto-Owners would not have a reason to take notice of this opinion, nor was it raised by plaintiffs until the amended complaint. At issue here is whether Auto-Owners unfairly or deceptively denied the claim at the time it did.

14

state court action referenced by Auto-Owners in its arguments - and what Auto-Owners understands the allegations to be in that case. The letter makes clear that in Auto-Owner's opinion, exclusions in the policy, specifically exclusion l, apply to deny coverage. The letter also distinguishes the out-of-state authority provided by Rock Creek's counsel, pointing out that Rock Creek's policy does not contain an exception to exclusion l. Just as with the denial letter to the plaintiffs, the denial letter to Rock Creek's counsel states that exclusions to the policy, specifically exclusion l, apply to deny coverage. Also as with the plaintiffs' denial letter, there is reference to the fact that Rock Creek's policy does not contain an exception to exclusion l. These denial letters are not inconsistent, and they do not reflect that Auto-Owners offered different reasons for denial of coverage to plaintiffs and Rock Creek.

Plaintiffs also make certain allegations regarding changes to policy codes and arguments concerning the policy declarations in their attempt to show coverage. "OGLs are divided into several components, including the 'insuring agreement,' which 'sets the outer limits of an insurer's contractual liability,' and the 'exclusions,' which 'help define the shape and scope of coverage' by excluding certain forms of coverage." *Moore*, 216 S.W.3d at 305 (citing *Standard Fire Ins. Co. v. Chester-O'Donley & Assocs.*, 972 S.W.2d 1, 7 (Tenn. Ct. App. 1998)). These allegations and arguments by plaintiffs do not advance their coverage position or show unfair or deceptive conduct by Auto-Owners.

Ultimately, the amended complaint and the attached documentation demonstrate that plaintiffs made a claim to Auto-Owners for coverage based upon Rock

15

Creek's CGL policy. Auto-Owners investigated the claim and denied coverage, concluding that the plaintiffs' allegations of loss were excluded by the language in the policy. Plaintiffs have not made allegations with factual support to show that they were misled or deceived in the denial process, or that Auto-Owners acted unfairly toward them. What the amended complaint reveals is that plaintiffs disagree with Auto-Owners's decision and that in their opinion the denial decision was erroneous. Such contentions are not sufficient to maintain a TCPA action for the denial of an insurance claim. *Boyd*, 2012 WL 6799708 at *9; *Fulton Bellows*, 662 F. Supp. 2d at 977 (cases cited therein).

Thus, plaintiffs have not demonstrated the required elements for asserting a TCPA claim. On that basis, the complaint fails. Auto-Owners makes additional arguments for dismissal which the court does not need to reach. This is not a declaratory judgment action but one brought under the TCPA. For the reasons discussed above, plaintiffs cannot maintain a TCPA claim, and granting Auto-Owners's motion to dismiss is appropriate.

IV.

*Conclusion*

Accordingly, for the reasons stated above, the motion to dismiss will be granted, and this case will be dismissed. An order consistent with this opinion will be entered.

ENTER:


        <u>       s/ Leon Jordan       </u>
        United States District Judge